# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JEAN EDOUARD HENRIQUEZ,

        Plaintiff,

v.

TOTAL BIKE, LLC D/B/A DUCATIMIAMI,
DESMOTORI, LLC D/B/A DUCATIMIAMI,
DAVID SEGUIA SIFONTES A/K/A
DAVID SEGUIAS,

        Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, JEAN EDOUARD HENRIQUEZ, brings this action against Defendants, TOTAL BIKE, LLC D/B/A DUCATIMIAMI, DESMOTORI, LLC D/B/A DUCATIMIAMI, DAVID SEGUIA SIFONTES A/K/A DAVID SEGUIAS, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). Supplemental jurisdiction over the pendent state claim is conferred on this Court by 28 U.S.C. 1367.

2. At all times material hereto, Plaintiff, JEAN EDOUARD HENRIQUEZ, was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

1

3. At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA through the handling of goods and communication with parties located outside of Florida.

4. At all times material hereto, Defendant, TOTAL BIKE, LLC D/B/A DUCATIMIAMI, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of motorcycle repair and sales, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. At all times material hereto, Defendant, DESMOTORI, LLC D/B/A DUCATIMIAMI, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of motorcycle repair and sales, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

6. Defendants, DESMOTORI, LLC D/B/A DUCATIMIAMI and TOTAL BIKE, LLC D/B/A DUCATIMIAMI, are and/or were a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have annual gross sales and/or business volume of $500,000 or more.

7. Defendants, DESMOTORI, LLC D/B/A DUCATIMIAMI and TOTAL BIKE, LLC D/B/A DUCATIMIAMI, were joint employers of Plaintiff under the FLSA, shared Plaintiff's

services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

8. Defendant, DAVID SEGUIA SIFONTES A/K/A DAVID SEGUIAS, is a resident of Miami-Dade County, Florida and was, and now is, the managing agent, director and/or owner of Defendants, TOTAL BIKE, LLC D/B/A DUCATIMIAMI and DESMOTORI, LLC D/B/A DUCATIMIAMI; said Defendant acted and acts directly in the interests of Defendant, TOTAL BIKE, LLC D/B/A DUCATIMIAMI and DESMOTORI, LLC D/B/A DUCATIMIAMI, in relation to said co-Defendant's employees. Defendant effectively dominates TOTAL BIKE, LLC D/B/A DUCATIMIAMI and DESMOTORI, LLC D/B/A DUCATIMIAMI administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, DAVID SEGUIA SIFONTES A/K/A DAVID SEGUIAS was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

9. In justifiable reliance upon Defendants' representations and promises, Plaintiff accepted employment and began working for Defendants as a mechanic.

10. Defendants did not pay Plaintiff the proper overtime and minimum wage rates for all hours worked.

11. Defendants did not pay Plaintiff all the commissions that he earned for time billed.

12. The records, if any, concerning the number of hours actually worked by Plaintiff and the compensation actually paid to Plaintiff are in the possession and/or control of Defendants; however, Plaintiff estimates that he is owed $32,853.00. See Exhibit A, Plaintiff's Statement of Claim. This amount may change as information is uncovered through the discovery process.

13. Defendants' violations of the FLSA and failure to pay Plaintiff the proper wages were intentional and willful.

14. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

15. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

16. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-15 above as if set forth herein in full.

17. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

18. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

## COUNT II
## BREACH OF CONTRACT AND FAILURE TO PAY WAGES
## TOTAL BIKE, LLC D/B/A DUCATIMIAMI AND
## DESMOTORI, LLC D/B/A DUCATIMIAMI

19. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-18 above as if set forth herein in full.

4

20.     Plaintiff entered into an oral contract for wages with Defendants as described above and in Exhibit A, Plaintiff's Statement of Claim.

21.     Plaintiff worked for Defendants and did not receive the compensation promised. Defendants, therefore, wrongfully deprived Plaintiff of wages which were due and owing and to which Plaintiff is lawfully entitled under an oral contract for wages with Defendants.

22.     Plaintiff has been damaged as a result of Defendants' failure to pay the agreed upon wages.

23.     Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to the costs of this action and reasonable attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendants for the unpaid wages that are due and owing, prejudgment interest, reasonable attorneys' fees, costs incurred in this action, and any and all further relief this Court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esquire
Bar No.: 74791