UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 13-20417-CIV-MORENO

JEAN EDOUARD HENRIQUEZ,

    Plaintiff,

vs.

TOTAL BIKE, LLC, d/b/a Ducatimiami;
DESMOTORI, LLC, d/b/a Ducatimiami; and
DAVID SEGUIAS SIFONTES, a/k/a David
Seguias,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND ENTERING FINAL JUDGMENT

THIS CAUSE comes before the Court on Motion for Summary Judgment by Defendants Total Bike, LLC, et al. ("Defendants") against the Plaintiff, Jean Edouard Henriquez's ("Plaintiff") pursuant to 29 U.S.C. § 213(b)(10)(A) and 29 U.S.C. § 207(I). Plaintiff filed a Response in Opposition to Defendant's Motion for Summary Judgment, arguing that: (a) § 213(b)(10)(A) does not apply because a motorcycle is not an automobile as defined under the statute; (b) § 207(I) does not apply because Plaintiff was not employed in an environment that incentivizes the employees to work efficiently and effectively. This Court finds that the Plaintiff has failed to satisfy his burden of presenting competent evidence designating specific facts as to which there are genuine issues in contest. Because Plaintiff fails to present any material facts disputing Defendants' arguments demonstrating that he is an exempt employee under the Fair Labor Standards Act as per the mechanics exemption and the retail service commission exception, the Court hereby GRANTS Defendants' Motion for Summary Judgment and DISMISSES this case.

I.  **Legal Standard**

Summary judgment is authorized where there is no genuine issue of material fact. Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The party opposing a motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; the non-moving party must establish the essential elements of its case on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The nonmovant must present more than a scintilla of evidence in support of the nonmovant's position. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

II. **Analysis**

The Fair Labor Standards Act ("FLSA") requires employers to pay covered employees an overtime premium of one and one-half times the employee's regular rate of pay for any hours worked in excess of forty in one week. 29 U.S.C. § 207(a)(1). However, if an employee is exempt from the FLSA, the employee is not entitled to overtime pay. The Court finds that Plaintiff has failed to present competent evidence disputing Defendants' argument that he is an exempt employee under 29 U.S.C. § 213(b)(10)(A), the mechanics exemption, or 29 U.S.C. § 207(I), the retail service commission exception.

A.  **Plaintiff is Exempt Under the FLSA as per 29 U.S.C. § 213(b)(10)(A)**

Plaintiff has failed to present a material dispute as to his falling into the exception of 29 U.S.C. § 213(b)(10)(A), which provides, in pertinent part, that the provisions of the FLSA shall not apply with respect to:

> [A]ny…mechanic primarily engaged in…servicing automobiles, trucks, or farm implements, if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers.

29 U.S.C. § 213(b)(10)(A).

Whether Plaintiff falls within the scope of the mechanics exemption is "ultimately a legal question." *Viart v. Bull Motors. Inc.*, 149 F. Supp. 2d 1346, 1349 (S.D. Fla. 2001) (*citing Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 713-14 (1986)). As such, the mechanics exemption under 13(b)(10)(A) applies if the Court determines that Desmotori and/or Total Bike: (a) are a non-manufacturing establishment engaged in the sale of automobiles; and (b) employed Plaintiff as a mechanic who was primarily engaged in selling or servicing automobiles. *Id.* As both of these requirements have been satisfied, Plaintiff is exempt from overtime coverage.

Defendants readily satisfy the requirement that they are a "nonmanufacturing establishment primarily engaged in the business of selling [automobiles]…to ultimate purchasers." 29 U.S.C. § 213(b)(10(A). Plaintiff actually acknowledged in deposition that Defendants are a non-manufacturing establishment. Further, the record evidence, including the testimony of Plaintiff, demonstrates that Defendants are primarily engaged in the retail sale of Ducati motorcycles to the general public and service the vehicles. In fact, Plaintiff specifically alleges in his Complaint and testifies in deposition that he was a certified mechanic primarily engaged in servicing and repairing automobiles for Defendants.

As to the application of the exemption under 29 U.S.C. § 213(b)(10)(A), Plaintiff's sole defense is predicated on the argument that a motorcycle is not an "automobile" as the term is used in § 213(b)(10)(A). Plaintiff argues that Defendants' definition of the term automobile, which would include motorcycles, would deprive the statute of its plain and ordinary meaning. Plaintiff, however, has failed to provide this Court with his interpretation of the word automobile (or its proposed

-3-

limitation) or any law supporting his argument. Thus, the Court gives the word "automobile" its ordinary and plain meaning. Florida state courts have found a "motorcycle" to be within the ordinary and plain meaning of the word "automobile", especially in circumstances where the term automobile is not limited to a specified type of vehicle. *See, e.g., Dorrell v. State Fire & Casualty Co.*, 221 So. 2d 5, 6 (Fla. 3d DCA 1969) (holding that a "motorcycle is considered an automobile" under Florida law, unless the parties specifically limit the definition of the term to exclude motorcycles).

Interpreting "automobile" to include "motorcycles" does not render the statutory remedy of the FLSA ineffectual; both a car and a motorcycle–and the mechanics who repair and service these vehicles–are within a small industry and class of persons performing substantially the same tasks on similar vehicles. The FLSA was conceived to combat worker exploitation. Congress crafted the FLSA so as to apply to the ranks of the traditionally exploited, creating numerous exemptions for those deemed not in need of federal protection. Here, interpretation of the word "automobile" to include "motorcycle" does not render the FLSA's protections useless or further the exploitation of mechanics that would otherwise not be exempt under the FLSA. Both automobiles and motorcycles are commonly and historically identified as private self-propelled vehicles that transport private persons/passengers; distinguishing them here serves little purpose. Ultimately, Plaintiff fails to demonstrate that a genuine issue for trial exists as to the application here of the 13(b)(10)(A) exemption.

### B. Plaintiff is Exempt Under the FLSA as per 29 U.S.C. § 207(I)

The Court also finds that the Plaintiff has failed to present a material dispute as to his falling into the exception of the FLSA's retail service commission exception, codified by 29 U.S.C. § 207(I).

FLSA provides that an employer is not required to pay overtime to an employee of a retail or service establishment if certain elements under 29 U.S.C. § 207(I) are satisfied. Specifically, the § 207(I) exemption applies if:

> (1) The employer is a retail or service establishment;
>
> (2) The regular rate of pay of the employee is in excess of one and one-half times the minimum hourly rate applicable to him under 29 U.S.C. § 206; and
>
> (3) More than half of the employee's compensation for a representative period (not less than one month) represents commissions on goods or services.

29 U.S.C. § 207(I). Here, there is no question of material fact that the three elements for the § 207(I) exemption are readily satisfied.

### i. Defendants Qualify as Retail or Service Establishments

First, Total Bike and Desmotori, which sell motorcycles and motorcycle services, maintenance, and repairs, qualify as "retail or service establishments". Typically, a retail or service establishment is one which sells goods or services to the general public. *See* 29 C.F.R. § 779.318(a); *see also* 29 C.F.R. § 779.320 (including repair shops in the non-comprehensive list of examples of retail and service establishments). Plaintiff has actually confirmed in deposition and his Complaint that Defendants satisfy this requirement.

### ii. Plaintiff's Regular Rate of Pay Exceeded One and One-Half Times the Minimum Hourly Wage Rate

Second, time and pay records demonstrate that Plaintiff earned in excess of one and one-half times the federal minimum wage required under 29 U.S.C. § 206, which at all material times here was $7.25/hour. Plaintiff's compensation expressed in an hourly rate or regular rate of pay is derived by dividing Plaintiff's total hours worked per pay period by his total compensation per same pay

period. *See* 29 C.F.R. § 779.419(b). Here, Plaintiff alleges that he worked an average of forty-eight hours per week. Taking Plaintiff's estimate as true for the purposes of this Motion for Summary Judgment, a review of Plaintiff's total compensation demonstrates that Plaintiff was always paid in excess of one and one-half times the applicable federal minimum wage. Even taking Plaintiff's total compensation, $158,308.45, during the entire term of his employment, 128 weeks, Plaintiff's compensation expressed in terms of an hourly regular rate of pay (though at all times he was paid on a commission plus differential basis) was approximately $25.77 an hour [$158,308.45 (total compensation) / (128 weeks x 48 hours per week)]—over three times the minimum wage rate.

### iii. More Than One-Half of Plaintiff's Compensation Consisted of Commissions

Finally, the determination of the § 207(I) exemption requires an analysis as to whether more than half of Plaintiff's compensation for a representative period (not less than one month) constituted "bona fide" commissions as to goods or services. 29 U.S.C. § 207(I).

#### a. Plaintiff's Commissions Were "Bona Fide"

"The function of a commission exemption as embodied by section 207(I) is to ensure that workers who are paid on a commission basis receive at least the legislated minimum wage without requiring them to work overtime for it." *Klinedinst. v. Swift Investments, Inc.*, 260 F.3d 1251, 1256 (11th Cir. 2001). The FLSA does not define "bona fide" commissions, but a few cases have provided thoughtful analyses as to what constitutes a bona fide commission rate. *See, e.g., id.* at 1254-1256. The consensus is that commissions based on a percentage of fees charged to the customers are bona fide commissions for the purposes of § 207(I). *See, e.g., id.; Yi v. Sterling Collision Centers, Inc.*, 480 F.3d 505, 508 (7th Cir.2007). ("The essence of a commission is that it bases compensation on

-6-

sales, for example a percentage of sales price, as when a real estate broker receives as his compensation a percentage of the price at which the property he brokers is sold."). Some courts have held that a commission rate is "bona fide" where the employer sets the rate in good faith. *Erichs v. Venator Group, Inc.*, 128 F.Supp.2d 1255, 1259 (N.D.Cal. 2001); *Herman v. Suwannee Swifty Stores, Inc.*, 19 F.Supp.2d 1365, 1370 (M.D.Ga. 1998).

Here, in good faith, the Defendants utilized a bona fide commission plan to pay Plaintiff. Plaintiff's commission was in the form of a flat rate "billed hour" system, a system which operates as follows: Defendants calculate the number of hours normally required to perform a given type of service or repair and multiply that number by a determined labor rate. The product of this multiplication is the labor price of the service or repair to the customer. A mechanic is then assigned to the job. Each mechanic works in tandem with a service manager to keep track of the hours he/she works on the job. When it is completed and the hours of the team members are added up, Defendants determine each member's compensation by multiplying the total number of billed hours for the job by the member's commission rate, referred to in the industry as the mechanic's "flat rate", which is based on the skill of the individual mechanic. Here, Plaintiff's flat rate was $45.00 an hour, which was the equivalent of paying Plaintiff approximately 43% of the labor component of the price of the service or repair charged to the customer.

In *Klinedinst*, the Eleventh Circuit assessed a flat rate commission pay system very similar to the Defendants' and found that it constituted a commission for the purposes of the § 207(I) exemption. 260 F.3d at 1254-1256. There, the plaintiffs were painters for a repair and body shop, and were compensated according to a repair estimate. *Id.* at 1253. The labor portion of the estimate was calculated by multiplying hours to be charged to the customers by the auto shop's hourly rate. *Id.* Similar to the Defendants, the employer in *Klinedinst* would pay a given painter for a predetermined number of hours, with labor costs subject to a determined rate tied to skill and

-7-

experience. *Id.* Like the Plaintiff here, the plaintiff in Klinedinst was paid for each paint job he performed based on the following formula: the hours allotted to the paint labor component of the repair estimate multiplied by his hourly flat rate. *Id.* at 1255-1256. The Eleventh Circuit found that this commission structure satisfied the "commission" requirement of the § 207(I) exemption. *Id.* at 1256. Defendants' commission structure is ultimately consistent with industry standards as a recognized bona fide commission plan and satisfies the FLSA for purposes of the § 207(I) exemption.

### b. More Than Half of Plaintiff's Compensation Was From Commissions

Plaintiff's commissions also constituted more than half of his pay, as required for the § 207(I) exemption. In the years 2010, 2011 and 2012, one hundred percent of Plaintiff's compensation was from commissions pursuant to a bona fide commission plan.

In his Response, Plaintiff attempts to argue that the Defendants' flat rate system is not a "commission" under the § 207(I) exemption because it does not incentivize employees to work efficiently and effectively. Plaintiff provides no legal support, however, for his argument that the retail service commission exemption hinges on what Plaintiff describes as a "policy rationale". The clear and unambiguous language of the statute in question does not mandate that a commission on goods and services provide an incentive to employees to work efficiently or effectively. 29 U.S.C. § 207(I). The Eleventh Circuit, moreover, has confirmed that this type of flat rate system of compensation is a bona fide commission under the FLSA. *See Klinedinst*, 260 F.3d at 1256. The Eleventh Circuit's primary analysis in *Klinedinst* as to whether this exemption applied did not rely on the nature of the incentive provided to the plaintiff, but rather, on whether the employee was paid on a commission basis that entitled him to receive at least the legislative minimum wage without

requiring him to work overtime for it. *Id.* ("The function of a commission exemption as embodied by section [20]7(I) is to ensure that workers who are paid on a commission basis receive at least the legislated minimum wage without requiring them to work overtime for it."). Here, Plaintiff has admitted that his compensation expressed in terms of an hourly "regular rate of pay" was over three and one half times the applicable minimum wage.

Plaintiff also refers to unsupported statements from his deposition and argues that the hours he worked on particular jobs were consistently more than the hours billed. He does not reference payroll records reflecting this argument, however; in fact, a review of the records produced by both the Defendants and by Plaintiff actually demonstrates that a majority of his "actual hours" were equal to or *less than* the "billed hours" charged to the customers. Finally, Plaintiff's argument that he was only paid a flat rate irrespective of the number of hours he worked each week and the number of hours billed to the customers from May 10, 2012 through the end of his employment is specifically contradicted by payroll records. Plaintiff was paid a flat rate on billed hours with a guaranteed minimum for a majority of his employment. With very little exception, from March 1, 2012 through October 9, 2012, Plaintiff's method of compensation did not change. Ultimately, Plaintiff fails to satisfy his burden in demonstrating specific facts showing genuine issue for trial as to the § 207(I) exception.

### C. Plaintiff Inexcusably Relies Upon Non-Party Affiants In His Argument

Finally, it is notable that the Plaintiff relies upon inexcusable evidence to forward his arguments. Pursuant to Fed. R. Civ. P. 56(c)(1), a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.

*Id.* Here, Plaintiff attempts to dispute Defendants' Statement of Undisputed Facts by relying on two affidavits of non-party witnesses, those of Rudolph M. Von Lignau and Alex Arango. However, during a Status Conference on June 28, 2013, this Court limited the scope and extent of discovery in this case pursuant to its authority under Rules 16(b)(3)(B)(ii) and 26(b)(2)(A). In addition to limiting the extent of written discovery allowed, this Court instructed the parties that no depositions other than the limited depositions of the parties would be allowed without permission of the court.

The general rule is that inadmissible hearsay "cannot be considered on a motion for summary judgment." *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990). Further, courts have consistently held that the affidavit of a witness cannot be used to support or oppose summary judgment where the other party did not have the ability to depose the witness. *See, e.g., Lawyer v. Hillcrest Hospice, Inc.*, 300 Fed. Appx. 768, 770 (11th Cir. 2008) (striking an affidavit submitted in opposition to summary judgment when the moving party did not have an opportunity to depose the witness based on non-movants failure to disclose.). Here, in light of the Court's limitation of the extent and scope of discovery, Defendants were not able to depose or cross-examine the two non-party witnesses that the Plaintiff relied heavily upon in his Response. Accordingly, even though the Court determines that both affiants lack personal knowledge and their affidavits lack specific facts to support a genuine issue for trial, consideration of their affidavits at this juncture is precluded.

### III. Conclusion

This Court finds that Plaintiff has failed to satisfy his burden of presenting competent evidence designating specific facts as to which there is genuine issue. Even when invoking claims

from impermissible affidavits of non-party witnesses, he fails to present any material facts disputing Defendants' arguments demonstrating that he is an exempt employee under FLSA as per 29 U.S.C. § 213(b)(10)(A), the mechanics exemption, or 29 U.S.C. § 207(i), the retail service commission exception. This Court thereby GRANTS Defendants' Motion for Summary Judgment and DISMISSES this case pursuant to Fed. R. Civ. P. 56 and 58. Judgment is entered in favor of the Defendant and against Plaintiff Jean Edouard Henriquez.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of December, 2013.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record